IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00607-REB-MEH

EPIFANIO JAKE CHAVEZ, JR.,

    Plaintiff,

vs.

MATT THORNTON, in his individual and official capacity,

    Defendant.

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
FOR DISMISSAL OF ACTION

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

    This matter is before the Court on Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and 42 U.S.C. § 1997e. This case has been referred under a Memorandum referring the Motion to Magistrate Judge, filed on April 6, 2006, pursuant to 28 U.S.C. § 636(b)(1)(A)&(B) and Fed. R. Civ. P. 72(a) and (b), for recommendation on this motion. The Motion is fully briefed, and oral argument would not materially assist the Court in adjudicating it. For the reasons stated below, it is **recommended** that the Motion to Dismiss be **granted**, resulting in the case being dismissed in its entirety.

    All parties are advised that they shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. FED. R. CIV. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to

proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

**I.    BACKGROUND**

This case is not complex. Officers from the City of Thornton, Colorado, arrested the Plaintiff on June 11, 2004. He complained of minor injuries received during the arrest and was treated at the Adams County, Colorado Detention Facility. That day, he continued to complain of shoulder plan, and officers transported him to Platte Valley Medical Center for x-rays. While there, he attempted an escape. Plaintiff alleges that while officers were in pursuit, he changed his mind and was attempting to surrender by starting to lower himself to the ground, whereupon the Defendant shot him. Defendant contends that Plaintiff was in the midst of his escape attempt at the time he shot the Plaintiff. Plaintiff claims that under his version, Defendant's conduct constituted excessive force.

The Defendant has challenged the Plaintiff's claim in his Motion to Dismiss, arguing that the Plaintiff has failed to exhaust his administrative remedies as required under the Prison Litigation Reform Act ("PLRA"). Defendant argues that Plaintiff never filed *any* exhaustion documents whatsoever, nor does he allege that he did so in his Complaint. Plaintiff does not dispute this. Plaintiff admits that he received and signed for a copy of the Adams County Detention Facility Inmate

Handbook, which describes an inmate's right to file a grievance, although he claims he only had access to the book for the six hours or so on June 11, 2004, prior to being taken to the hospital. Except for a few days, Plaintiff was at the Detention Facility from shortly after he was shot, until the end of July 2004, at which time he was sentenced to the Colorado Department of Corrections in Canon City, Colorado. Plaintiff also admits that while at the Detention Facility, he filled out several "kites" requesting certain accommodations, which is the same form used for filling out grievances. However, Plaintiff claims that the grievance procedure was unavailable to him because of (1) his mental capacity (having alleged in a response to Order to Show Cause dated June 8, 2005, that during his entire stay at the Detention Facility, he was on narcotics or other pain killers), (2) his physical capacity (recovering from surgery after the shooting), (3) the lack of help from the Detention Facility's staff, and (4) his fear of retaliation for filing a grievance. Plaintiff further alleges that the Inmate Handbook states that an inmate "may" fill out a grievance, not that an inmate "must" fill one out. Finally, Plaintiff alleges that he did not know of the exhaustion requirements of the Prisoner Litigation Reform Act.

## II.   DISCUSSION

### A.   Standard of Review for Motion to Dismiss.

A dismissal for failure to state a claim under Rule 12(b)(6) is appropriate only when it is apparent that a plaintiff can prove no set of facts which would entitle him to relief. *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003). In evaluating a 12(b)(6) motion to dismiss, "all well-pleaded factual allegations in the . . . complaint are accepted as true and viewed in the light most favorable to the nonmoving party." *Sutton v. Utah State Sch. for Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). The issue in reviewing the sufficiency of a plaintiff's Complaint is not

whether plaintiff will prevail, but whether plaintiff is entitled to offer evidence to support his claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), (overruled on other grounds by *Harlow v. Fitzgerald*, 457 U.S. 800 (1982)). Although a plaintiff does not need to state each element of his claim precisely, he must plead minimal factual allegations on those material elements that must be proved. *See* Fed.R.Civ.P. 8(a); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. A dismissal "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (quoting *Hall*, 935 F.2d at 1110 (additional quotation marks omitted)).

### B.   Exhaustion of Administrative Remedies.

The Plaintiff's Second Amended Complaint is governed by the PLRA, which provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

Exhaustion is a pleading requirement, rather than an affirmative defense, and Plaintiff bears the burden of proving exhaustion. *See Steele v. Federal Bur. of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003).

The United States Supreme Court has held that § 1997e(a) makes exhaustion "mandatory." *Porter*, 534 U.S. at 524, 532 (2002); *see also Booth v. Churner*, 532 U.S. 731 (2001). "Resort to a prison grievance process must precede resort to a court." *Porter*, 534 U.S. at 529. Exhaustion of administrative remedies is required even when the available administrative remedies appear futile, as long as authorities at the administrative level have some authority to take some responsive action. *Booth*, 532 U.S. at 740 ("Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures."). Even if the prisoner was confused with regard to the prison grievance system, exhaustion is required. *See Steele*, 355 F.3d at 1214. Congress has eliminated the courts' discretion to dispense with administrative exhaustion and to impose any condition that administrative remedies be plain, speedy, and effective. *Booth*, 532 U.S. at 740.

Further, § 1997e(a)'s exhaustion requirement is not an affirmative defense, and cannot be waived by a defendant. *Steele*, 355 F.3d at 1209. Plaintiff's failure to adequately plead exhaustion amounts to a failure to state a claim upon which relief can be granted. *Id.* at 1210. Here, Plaintiff admits he did not attempt to utilize the prison grievance system whatsoever.

Moreover, a prisoner "may not successfully argue that he had exhausted his administrative remedies by, in essence, failing to employ them and since he may now be time barred from pursuing them, they are exhausted by default." *Jernigan v. Stuchell*, 304 F.3d 1030, 1033 (10th Cir. 2002). If Plaintiff should now attempt to rectify his failure to exhaust his administrative remedies by submitting grievances through the proper procedures in this regard, they would most likely be barred as untimely. The Tenth Circuit has held that "[a] prison procedure that is procedurally barred and thus is unavailable to a prisoner is not thereby considered exhausted. Regardless of whether a prisoner goes through the formality of submitting a time-barred grievance, he may not successfully

5

argue that he had exhausted his administrative remedies. . . ." *Ross v. County of Bernalillo*, 365 F.3d 1181, 1186 (10th Cir. 2004). As the federal appellate court has concluded, "[a]llowing prisoners to proceed to federal court simply because they have filed a time-barred grievance would frustrate the PLRA's" policy goals. *Id*.

Accordingly, Plaintiff has clearly not exhausted his administrative remedies with regard to his claim of excessive force alleged in his Complaint. However, Plaintiff alleges that he is excused from the exhaustion requirements for various reasons. The Court addresses each of Plaintiff's explanations as follows:

### 1. **Unavailable Because of Mental and Physical Limitations**

This argument does not avail Plaintiff. In *Fry v. Al-Abduljalil*, 164 Fed. Appx. 788 (10th Cir. 2006), the prisoner plaintiff alleged that the grievance procedure was unavailable to him because he was blind. In that case, as here, the plaintiff had filed several other grievances during the time period in which he claimed he was physically incapacitated. Because the plaintiff "fail[ed] to explain . . . how he was able to file at least two other grievances during this same period of time . . ., he has not demonstrated that the administrative remedies were not available to him." *Id.* at 791. The same is true here. *Cf. Days v. Johnson*, 322 F.3d 863 (5th Cir. 2003) (when inmate alleges that physical incapacity prevented him from exhausting claim, he must file claim once restored to health and have it denied on grounds of untimeliness, which may then establish that the grievance procedure was "unavailable" to him); *Parker v. Adjetey*, 89 F.ed Appx. 886 (5th Cir. 2004) (inmate who alleges he was in a coma and could not timely file a grievance must, at some point, file even an untimely one; complete failure to exhaust will result in dismissal).

### 2. **Detention Facility Staff Did Not Assist Plaintiff**

Without any factual support, Plaintiff alleges that he "was not given an opportunity to file a grievance due to . . . the lack of help from detention facility's deputy's treatment of the Plaintiff." Response at page 2. This allegation sounds in the nature of a denial of the right of access to the courts. In *Lehn v. Holmes*, 364 F.3d 862 (7th Cir. 2004), the court recognized such a claim but stated that the plaintiff "'must show some quantum of detriment caused by the challenged conduct.'" *Id.* at 868 (citation omitted). *See also Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir. 1996) (same).

The Court believes that Plaintiff must allege some detriment arising out of prison officials' failure to assist him. Here, as with his physical/mental capacity argument, the fact that Plaintiff was able to submit several kites bars his claim of failure to assist. Further, the Tenth Circuit has found that even when an inmate informed prison officials that he had a complaint, and the prison failed to assist him, the inmate does not state a claim for relief, when, as here, knowledge of the procedure was available to the Plaintiff from another source (the Inmate Handbook and his established knowledge of the kite procedure). *Gonzales-Liranza v. Naranjo*, 76 Fed. Appx. 270, 273 (10th Cir. 2003).

### 3. **Fear of Retaliation**

Without determining under what circumstances a fear of retaliation might excuse an inmate's failure to exhaust, at the very least, a plaintiff must plead facts in support of an allegation of retaliation; absent pleading such facts, this sort of allegation will not survive dismissal. *E.g.*, *Boyd v. Corrections Corp. of Am.*, 380 F.3d 989, 997-98 (6th Cir. 2004).

### 4. **Plaintiff Was Unaware of the Grievance Procedure**

In the Tenth Circuit, Plaintiff's alleged lack of knowledge concerning the Detention Facility's grievance procedure does not excuse his failure to exhaust. *Gonzales-Liranza v. Naranjo*, 76 Fed. Appx. 270, 273 (10th Cir. 2003) (although prisoner contended he did not avail himself of the

grievance procedure because the prison did not make him aware that the remedies existed, this did not excuse his failure to exhaust); *Torres v. Corrections Corp. of Am.*, 372 F. Supp.2d 1258, 1262 (N.D. Okla. 2005) (same). But in any event, again, he filled out several kites and was aware of the process by which an inmate brought issues to the attention of prison officials.

### 5. Transfer from Detention Facility to Colorado State Prison System

If Plaintiff had sufficient time to file a grievance in the Detention Facility, his later transfer to the Colorado Department of Corrections does not excuse his failure to exhaust. *E.g.*, *Hill v. Epps*, 169 Fed. Appx. 199, 201 (5th Cir. 2006).

### C. Finding of Nonexhaustion

Based upon the foregoing analysis, the Plaintiff has clearly not exhausted his administrative remedies with regard to the claim of constitutional violation alleged in his Complaint. Additionally, on the facts alleged, allowing the Plaintiff an opportunity to amend his pleading in this regard would be futile. This is because the Plaintiff must have met the exhaustion requirements at the time of filing and cannot cure a failure to exhaust by pursuing administrative remedies while the action is pending. *See* 42 U.S.C. § 1997e(a); *Booth*, 532 U.S. at 741; *Fitzgerald v. Corrections Corp. of America*, 403 F.3d 1134, 1140-41 (10th Cir. 2005).

In *Ross*, the Tenth Circuit applied a total exhaustion rule, stating that if a prisoner files a complaint which contains one or more unexhausted claims, "the district court ordinarily must dismiss the entire action without prejudice." *Ross*, 365 F.3d at 1190. Plaintiff has not administratively exhausted the claim he brings against the Defendant in this lawsuit. Accordingly, dismissal of this action, without prejudice, for failure to exhaust administrative remedies, as directed by *Ross,* is warranted.

**III.    CONCLUSION**

Based upon the foregoing, and the pleadings on file herein, it is hereby **recommended** that Defendant' Motion to Dismiss [Filed September 20, 2005; Docket #22] be **granted**, and that this action be dismissed in its entirety, without prejudice, based upon Plaintiff's failure to exhaust his administrative remedies.

Dated at Denver, Colorado, this 18th day of July, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge