IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00607-REB-MEH

EPIFANIO JAKE CHAVEZ, JR.,

    Plaintiff,

v.

MATT THORTON, in his individual and official capacity,

    Defendant.

**ORDER GRANTING MOTION TO OPEN JUDGMENT
UNDER RULES 59 OR 60 OR FOR ENLARGEMENT
OF TIME TO FILE UNDER RULE 59**

**Blackburn, J.**

The matter before me is plaintiff's **Motion To Open Judgment Under Rules 59 or 60 or For Enlargement of Time To File Under Rule 59** [#57], filed February 5, 2007. I grant the motion.

Because plaintiff's motion is brought within ten days of the entry of judgment in this case, it is properly considered under Rule 59.[1] **FED.R.CIV.P.** 59(b) & (e). **See Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991) (noting that Fed.R.Civ.P. 59 and 60 "are distinct; they serve different purposes and produce different consequences"), **cert. denied**, 113 S.Ct. 89 (1992). The bases for granting a motion under Rule 59(e) include, *inter alia*, an intervening change in the controlling law. **See**

---

[1] Although I dismissed plaintiff's claims by order dated September 22, 2006 [#54], for reasons not apparent from the docket, the Clerk of the Court did not enter judgment until February 6, 2007 [#59]. Although plaintiff's motion, filed one day earlier, thus was technically premature, in the interest of justice, I will construe and consider it as a motion under Rule 59(e).

***Servants of the Paraclete v. Does***, 204 F.3d 1005, 1012 (10th Cir. 2000).

On July 18, 2006, the United States Magistrate Judge recommended that defendant's **Motion To Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6) and 42 U.S.C. § 1997(e)** [#22], filed September 20, 2005, be granted on the ground that plaintiff's petition failed to demonstrate that he had exhausted his administrative remedies with respect to the claims sought to be prosecuted in this action.  *See* **Recommendation of United States Magistrate Judge For Dismissal of Action** [#42], filed July 18, 2006.  I adopted that recommendation and dismissed plaintiff's claims without prejudice for failure to exhaust.  *See* **Order Adopting Recommendation of United States Magistrate Judge** [#54], filed September 22, 2006.  Subsequently, on January 22, 2007, the Supreme Court issued its decision in ***Jones v. Bock***, – U.S. –, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007), wherein it held that the exhaustion is not a matter that must be pleaded by the petitioner in his complaint, but rather is an affirmative defense that must be raised, if at all, by the defendant.  *Id.*, 127 S.Ct. at 921-22.

This decision worked a substantive change in the prior law of this circuit.  As I have stated elsewhere:

> After ***Bock***, a prison inmate plaintiff does not carry the burden to plead or otherwise demonstrate exhaustion in his complaint. . . .  After ***Bock***, dismissal of a complaint under Fed.R.Civ.P. 12 based on a plaintiff's failure to demonstrate exhaustion in the Complaint is not proper. . . . [R]esolution of the factual issues inherent to this affirmative defense is not appropriate in the context of a motion to dismiss under Fed.R.Civ.P. 12.

***Florence v. Kendig***, 2007 WL 622203 at *1 (D. Colo. Feb. 23, 2007).  Thus, in light of

subsequent changes in the law, the Magistrate Judge's recommendation that this case be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to plead exhaustion, my order adopting same, and the judgment premised thereon are now all infirm. Relief under Rule 59 is warranted under the circumstances.

**THEREFORE, IT IS ORDERED** as follows:

1. That plaintiff's **Motion To Open Judgment Under Rules 59 or 60 or For Enlargement of Time To File Under Rule 59** [#57], filed February 5, 2007, is **GRANTED**;

2. That the **Judgment** [#59], filed February 6, 2007, is **VACATED**;

3. That my **Order Adopting Recommendation of United States Magistrate Judge** [#54], filed September 22, 2006, is **VACATED**;

4. That the **Recommendation of United States Magistrate Judge For Dismissal of Action** [#42], filed July 18, 2006, is **REJECTED**;

5. That defendant's **Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6) and 42 U.S.C. § 1997e** [#22], filed September 20, 2005, is **DENIED**; and

6. That defendant **SHALL FILE** an answer to the amended complaint [#11] by August 20, 2007.

Dated July 30, 2007, at Denver, Colorado.

                                            **BY THE COURT:**

                                            **s/ Robert E. Blackburn**
                                            **Robert E. Blackburn**
                                            **United States District Judge**