IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00607-REB-MEH

EPIFANIO JAKE CHAVEZ, JR.,

    Plaintiff,

v.

MATT THORNTON, in his individual and official capacity,

    Defendant.

_____

**ORDER ON PLAINTIFF'S MOTION TO STRIKE**
_____

Before the Court is Plaintiff's Motion to Strike [Docket #72].  The matter has been referred to this Court for resolution [Docket #74].  For the reasons stated below, the Court **denies** the Motion to Strike.

Plaintiff seeks to strike several of Defendant's affirmative defenses.  In response, Defendant withdraws its affirmative defenses of comparative negligence and its defense under C.R.S. § 13-64-101.  As such, the defenses remaining at issue are qualified immunity and failure to state a claim.

First, the Court has not, as Plaintiff contests, ruled on either of these defenses previously. Defendant never answered the first Complaint, choosing instead to file a Motion to Dismiss based solely on Plaintiff's failure to exhaust administrative remedies.  Following the Supreme Court's ruling in *Jones v. Bock*, District Judge Blackburn determined that such a defense must be considered under the summary judgment standard of review, rather than under Rule 12.  Pursuant to Judge Blackburn's Order, Defendant filed his Answer on August 17, 2007, which for the first time set forth his admission and/or denial of Plaintiff's allegations, along with any affirmative defenses, as required by Fed. R. Civ. P. 8(c).  Moreover, pursuant to Rule 12(h)(2), the defense of failure to state a claim for relief is not

a claim that must be included in the first Rule 12 motion.  In fact, Rule 12(h)(1) lists the only defenses that are subject to waiver if not included in the first Rule 12 motion. The defense of failure to state a claim can be raised at any time, including at trial.  Finally, collateral estoppel and res judicata do not apply to the exhaustion issue because no finding has been made as to whether Plaintiff exhausted his administrative remedies.  Rather, Judge Blackburn vacated the judgment based on the change in the law, which places the burden on Defendant to establish that Plaintiff did not exhaust his administrative remedies, rather than requiring Plaintiff to establish he did exhaust his administrative remedies.

Accordingly, for the reasons stated above, it is hereby ORDERED that Plaintiff's Motion to Strike [Filed August 30, 2007; Docket #72] is **denied** as to the defenses of failure to state a claim, and qualified immunity and **denied as moot** as to the defense of comparative negligence and the statutory defense under C.R.S. § 13-64-101, due to Defendant's withdrawal of these two defenses.

Dated at Denver, Colorado, this 3rd day of October, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge