IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00607-REB-MEH

EPIFANIO JAKE CHAVEZ, JR.,

    Plaintiff,

vs.

MATT THORNTON, in his individual and official capacity,

    Defendant.

---

### RECOMMENDATION ON MOTION FOR SUMMARY JUDGMENT

---

This matter is before the Court on Defendant's Motion for Summary Judgment [Docket #106]. This Motion has been referred to the undersigned for recommendation. The Motion is fully briefed, and oral argument would not materially assist the Court in adjudicating it. For the reasons stated below, it is **recommended** that the Motion be **granted**, resulting in judgment being entered for Defendant.

All parties are advised that they shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. FED. R. CIV. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file

written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

I.  **BACKGROUND**

Although the facts of this case have been previously discussed by this Court, they shall be repeated here. Officers from the City of Thornton, Colorado, arrested the Plaintiff on June 11, 2004. He complained of minor injuries received during the arrest and was treated at the Adams County, Colorado Detention Facility. That day, he continued to complain of shoulder plan, and officers transported him to Platte Valley Medical Center for x-rays. While there, he attempted an escape, a fact that Plaintiff willingly admits. Plaintiff alleges that while officers were in pursuit, he changed his mind and was attempting to surrender by starting to lower himself to the ground, whereupon the Defendant shot him. Defendant contends that Plaintiff was in the midst of his escape attempt at the time he shot the Plaintiff. Plaintiff claims that under his version, Defendant's conduct constituted excessive force.

Bypassing the merits of Plaintiff's claim for the time being, Defendant argues in his Motion that the Plaintiff has failed to exhaust his administrative remedies as required under the Prison Litigation Reform Act ("PLRA"). Defendant argues that Plaintiff did not timely file any exhaustion documents and, indeed, Plaintiff essentially concedes that he did not do so until after this lawsuit was filed. Plaintiff admits that he received and signed for a copy of the Adams County Detention Facility ("Detention Facility") Inmate Handbook, which describes an inmate's right to file a grievance and is,

2

according to Plaintiff, a two-page document[1] (although he claims he only had access to the book for the five hours or so on June 11, 2004, prior to being taken to the hospital). Plaintiff contends he never read the Handbook. Except for a few days, Plaintiff was at the Detention Facility from shortly after he was shot, until the end of July 2004, at which time he was sentenced to the Colorado Department of Corrections in Canon City, Colorado. However, after his initial short stay, Plaintiff contends that he never got his copy of the Handbook back.

Plaintiff also admits that while at the Detention Facility, he filled out several "kites" requesting certain accommodations, which is the same form used for filling out grievances in exhaustion of a PLRA claim. However, Plaintiff contends that the grievance procedure was unavailable to him because (1) he did not have enough time to read it, (2) it was so vague that it did not provide adequate notice of the procedures for filing grievances, (3) the Handbook requires a grievance to be filed within five days of the precipitating event, and it would have been impossible here because after the shooting, he was in the hospital for six days and not in the Detention Facility during that time, and (4) after his return to the Detention Facility, he was recovering from life-saving surgery and was not physically capable of filling out a grievance form. Therefore, Plaintiff contends that "special circumstances" excuse the lack of timely filing of a grievance or, at the very least, his contentions create an issue of material fact precluding summary judgment.

Finally, Plaintiff states that he did file a grievance in March 2006 and February 2007 in the form of letters, which he attaches to his response.

---

[1] It is actually a five-page, single-spaced form.

## II. DISCUSSION

### A. Standard of Review for Motion for Summary Judgment.

A motion for summary judgment serves the purpose of testing whether a trial is required. *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1185 (10th Cir. 2003). The Court shall grant summary judgment if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The non-moving party has the burden of showing that there are issues of material fact to be determined. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The moving party bears the initial responsibility of providing to the Court the factual basis for its motion and identifying the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which reveal that there are no genuine issues as to any material facts, and that the party is entitled to summary judgment as a matter of law. *Id.* at 323; *Maldonado v. City of Altus*, 433 F.3d 1294, 1302 (10th Cir. 2006). If the movant properly supports a motion for summary judgment, the opposing party may not rest on the allegations contained in his complaint, but must respond with specific facts showing a genuine factual issue for trial. *Hysten v. Burlington Northern and Santa Fe Ry.*, 296 F.3d 1177, 1180 (10th Cir. 2002); Fed. R. Civ. P. 56(e). These specific facts may be shown "'by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves.'" *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1008 (10th Cir. 1998) (quoting *Celotex*, 477 U.S. at 324). "[T]he content of summary judgment evidence must be generally admissible and . . . if that evidence is presented in the form of an affidavit, the Rules of Civil

Procedure specifically require a certain type of admissibility, *i.e.*, the evidence must be based on personal knowledge." *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1122 (10th Cir. 2005). Finally, "[t]he court views the record and draws all favorable inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. Pepsico, Inc.*, 431 F.3d 1241, 1256 (10th Cir. 2005).

**B.      Exhaustion of Administrative Remedies.**

The Plaintiff's Second Amended Complaint is governed by the PLRA, which provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

Exhaustion is an affirmative defense, and Defendant bears the burden of proving exhaustion. *See Jones v. Bock*, ___ U.S. ___ (2007).

The United States Supreme Court has held that § 1997e(a) makes exhaustion "mandatory." *Porter*, 534 U.S. at 524, 532 (2002); *see also Booth v. Churner*, 532 U.S. 731 (2001). "Resort to a prison grievance process must precede resort to a court." *Porter*, 534 U.S. at 529. Exhaustion of administrative remedies is required even when the available administrative remedies appear futile, as long as authorities at the administrative level have some authority to take some responsive action. *Booth*, 532 U.S. at 740 ("Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures."). Even if the prisoner was confused with regard to the prison grievance system, exhaustion is required. *See Steele v. Federal Bur. of Prison*, 355 F.3d 1204, 1214 (10th Cir. 2003). Congress has eliminated the courts' discretion to dispense with administrative exhaustion and to impose any condition that administrative remedies be plain, speedy, and effective.

5

*Booth*, 532 U.S. at 740.

Although failure to exhaust is an affirmative defense which must be proved by Defendant, Plaintiff admits in this case that he did not attempt to utilize the prison grievance system whatsoever prior to filing this lawsuit. Long after the time for submitting a grievance expired and, indeed, after this case was filed and Defendant's original Motion to Dismiss was submitted, Plaintiff submitted grievances to satisfy the exhaustion requirement. However, if an inmate does not comply with the time limits of the scheme that a prison system has provided for submitting grievances, he has not exhausted his remedies. *Patel v. Fleming*, 415 F.3d 1105, 1109 (10th Cir. 2005). "'Regardless of whether a prisoner goes through the formality of submitting a time-barred grievance, he may not successfully argue that he had exhausted his administrative remedies. . . .'" *Id.* (quoting *Ross v. County of Bernalillo*, 365 F.3d 1181, 1186 (10th Cir. 2004)). As the federal appellate court has concluded, "[a]llowing prisoners to proceed to federal court simply because they have filed a time-barred grievance would frustrate the PLRA's" policy goals. *Bernalillo*, 365 F.3d at 1186.

Plaintiff argues that he could not submit a grievance within five days, because he was still in the hospital. The fact that Plaintiff was in the hospital for six days following the shooting is irrelevant to summary judgment. As Defendant notes, the Handbook does not contain a time limit on the filing of grievances. Further, as discussed below, even if the Plaintiff claims a disabling condition prevented him from timely exhaustion, he must attempt to exhaust as soon as practicable, which is not the case here.

One potential argument here (not raised by Plaintiff, because he believes he was under a five-day filing limit) concerns Defendant's assertion that "Plaintiff is not, and never was, subject to" a five-day filing limit. The operative Handbook at the time of Plaintiff's incarceration does not contain a

6

time limit. A recent modification added a five-day limit. Defendant asserts that Plaintiff's claim falls under the old paradigm. Thus, does Plaintiff's filing of letters in 2006 and 2007 meet the exhaustion requirement? The answer is no, but not because of a failure to *timely* file. Rather, the Handbook procedures that were required when Plaintiff was incarcerated at the Detention Facility required the grievance to be filed on the "kite" form issued by the Facility. Here, it is undisputed that Plaintiff attempted to exhaust his remedies in 2006 and 2007 by submitting handwritten letters to the Detention Facility, which were rejected. The federal cases that this Court has located have uniformly decided that in such a circumstance, the PLRA exhaustion requirement has not been met. *Oliver v. Moore*, 145 Fed. Appx. 731, 734-35 (3rd Cir. 2005) (although the Handbook contained no time limit for filing a grievance, the grievance had to be filed on the form provided by the Handbook, and submission of letters does not comply with the procedure, thus resulting in affirming the district court's summary judgment); *Cabrera v. LeVierge*, No. 07-cv-40-SM, 2008 WL 215720 (D.N.H. Jan. 24, 2008) (although grievance procedure had no time limit, it is required to be submitted on the proper form, which the prisoner did in this case); *Gardner v. Hendricks*, No.04-3561, 2006 WL 2331102 (D.N.J. Aug. 10, 2006) (Handbook had no time limit on filing grievances, but Plaintiff submitted a handwritten letter and not a grievance on the form required, thus, summary judgment granted). Such strict compliance is required by the PLRA as interpreted by *Woodford v. Ngo*, 126 S. Ct. 2378, 2386-87 (2006).

Accordingly, Plaintiff did not exhaust his administrative remedies. The Court must next determine whether this failure is excusable in this instance.

### 1. <u>Unavailable Because of Mental and Physical Limitations</u>

The Court must agree with Defendant that under relevant precedent, Plaintiff's ability to fill

out non-lawsuit related grievances (also known as "kites") during the relevant time period is inconsistent with his argument that he was physically unable to comply with the grievance procedure. *Fry v. Al-Abduljalil*, 164 Fed. Appx. 788 (10th Cir. 2006) (blind prisoner alleged that grievance procedure was legally unavailable to him, however, fact that prisoner had filed other kites precluded him from meeting his burden of establishing unavailability of procedure). *Cf. Days v. Johnson*, 322 F.3d 863 (5th Cir. 2003) (when inmate alleges that physical incapacity prevented him from exhausting claim, he must file claim once restored to health and have it denied on grounds of untimeliness, which may then establish that the grievance procedure was "unavailable" to him); *Parker v. Adjetey*, 89 Fed. Appx. 886 (5th Cir. 2004) (inmate who alleges he was in a coma and could not timely file a grievance must, at some point, file even an untimely one; complete failure to exhaust will result in dismissal).

## 2. **Plaintiff Was Unaware of the Grievance Procedure**

Although Plaintiff did have possession of the grievance procedure (contained in the Inmate Handbook) for a period sufficient to read it, and although he had enough knowledge to fill out kites requesting assistance from prison staff, he contends he did not in fact read the Handbook, nor did he have actual knowledge of the grievance procedure or requirement of exhaustion. In this Circuit, a prisoner's alleged lack of knowledge concerning the Detention Facility's grievance procedure does not excuse his failure to exhaust. If the prison had a written grievance procedure, and prison officials did not attempt to frustrate a prisoner from filing a grievance, the lack of knowledge of the procedure cannot withstand a summary judgment motion. *Gonzales-Liranza v. Naranjo*, 76 Fed. Appx. 270, 273 (10th Cir. 2003) (citing cases).

### 3. Vagueness of the Handbook

The Court finds as a matter of law that, to the extent that prison officials were required to provide a description of the grievance procedure, the Inmate Handbook in this case passes muster. The Handbook stated (bold and other formatting in original):

> **22. INMATE COMMUNICATION FORM**
> \* \* \* \* \*
> d. The 'kite' may also be used as a 'Grievance Form'. If you have an issue, you may write a grievance. The module deputy will hear the grievance first. If the module deputy cannot resolve the issue, the grievance will go to a Supervisor. The final step for a grievance is a Lieutenant or the Technical Services Manager.

Furthermore, Plaintiff has made no allegation, nor has he submitted any evidence that he made any inquiries into how to make a complaint about Defendant's actions and, of course, he does not allege that prison officials attempted to thwart in any way his attempt to exhaust.

### C. Finding of Nonexhaustion

Based upon the foregoing analysis, the Plaintiff has not exhausted his administrative remedies with regard to his claim. Accordingly, the Court recommends that summary judgment be entered for Defendant for failure to exhaust administrative remedies.

## III. CONCLUSION

Based upon the foregoing, and the pleadings on file herein, it is hereby **recommended** that Defendant' Motion for Summary Judgment [Filed February 29, 2008; Docket #106] be **granted**, and that judgment be entered for Defendant its entirety, without prejudice, based upon Plaintiff's failure to exhaust his administrative remedies.

Dated at Denver, Colorado, this 31st day of March, 2008.

                        BY THE COURT:

                        s/ Michael E. Hegarty
                        Michael E. Hegarty
                        United States Magistrate Judge